**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2389

_____

UNITED STATES OF AMERICA

v.

DAVID TAYLOR,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4:18-cr-00083-001)
District Judge: Honorable Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 24, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed: September 24, 2024)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

David Taylor had sex with a twelve-year-old girl. He was convicted, served only a year

and a half in prison, and was released on lifetime parole. One day, his parole officer stopped

_____

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

by his boarding house, and another resident let him in. The officer knocked on Taylor's door until Taylor eventually opened it a crack and tried to slide out. Finding that behavior suspicious, the officer told Taylor he wanted to enter the room. He found a fourteen-year-old girl in Taylor's bed.

Police arrested Taylor, and he signed a form consenting to a search of his bedroom. As they searched, he neither objected nor withdrew consent. They found sexual photos and video of the girl on a cellphone in his room. The District Court denied his motion to suppress. He pleaded guilty to producing child pornography but reserved his right to appeal the suppression ruling.

We review the District Court's finding that the probation officer had reasonable suspicion de novo, viewing the facts in the light most favorable to the government. *United States v. Henley*, 941 F.3d 646, 648 n.1 (3d Cir. 2019). As for its suppression ruling, we review its factual findings for clear error and its application of law to those facts de novo. *United States v. Williams*, 898 F.3d 323, 328–29 (3d Cir. 2018).

The probation officer had reasonable suspicion to enter Taylor's room. On his previous visits, they usually spoke in the bedroom and Taylor had been prompt and welcoming. This time, by contrast, he delayed responding to the knocking, then opened his door just a crack and slunk out. The officer reasonably found his actions "very suspicious." JA 90. That was enough.

And the search was proper because Taylor consented to it. The consent form authorized police to search his address and did not limit the search's scope. He could have refused or withdrawn consent but never did. Plus, the District Court properly found that police never

lied to him. On top of that, the District Court held in the alternative that police would inevitably have discovered the fruits of the search. Taylor never challenged this sufficient alternative holding. For all these reasons, we will affirm.